**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT WOOTEN, | |
| Petitioner, | Civil Action No. 13-3608 (CCC) |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**CECCHI, District Judge:**

*Pro se* Petitioner Robert Wooten, confined at the Federal Correctional Institution in Bradford, Pennsylvania, has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Petition"), challenging a judgment imposed by this Court in *United States v. Wooten*, No. 11-cr-0695, ECF No. 21 (D.N.J. entered June 14, 2012) ("Crim. Dkt."), for conspiracy to possess with intent to distribute cocaine and unlawful possession of a firearm by a convicted felon. For the reasons stated below, the Court denies the Petition.

## I. FACTUAL BACKGROUND

On June 14, 2012, pursuant to a guilty plea, this Court issued a judgment of conviction against Petitioner for one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C § 922(g)(1). (Crim. Dkt., ECF No. 21.) Petitioner did not appeal the Court's judgment and sentence.

On June 10, 2013, Petitioner filed the instant Petition. Petitioner asserts two claims: (1) trial counsel provided ineffective assistance because he failed to investigate the existence of

potential defenses prior to advising Petitioner to accept the guilty plea, and (2) trial counsel provided ineffective assistance because he failed to discover that Petitioner was not a "felon" within the definition of the felony firearms statute. The Court ordered Respondent to answer, (ECF No. 4), which it did, (ECF No. 5). Petitioner then filed a traverse. (ECF No. 6.)

On July 23, 2015, Petitioner filed a Motion to Dismiss Indictment, in which he asserts another claim, that the Controlled Substances Act, which governed his drug conviction, violates the Tenth Amendment. (*See* ECF No. 7.) The Government responded arguing that the July 23, 2015 Motion should be dismissed as an improperly filed second petition. (ECF No. 8). Petitioner submitted a reply on September 14, 2015. (ECF No. 9). In light of Petitioner's *pro se* status the Court liberally construes the July 23, 2015 Motion as a supplement of the original Petition, and will address it on the merits below.

## II.   STANDARD OF REVIEW

A prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; or (3) "that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982), *cited in United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014). In considering a motion to vacate a sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly

frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). "It is the policy of the courts to give a liberal construction to *pro se* habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citation omitted). The Court may dismiss the motion without holding an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11–4646, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013) (citing *Booth*, 432 F.3d at 545–46).

### III. DISCUSSION

#### A. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness[.]" *Hinton v. Alabama*, 134 S. Ct. 1081, 1083 (2014) (per curiam). To satisfy the second prong, prejudice, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693. Rather, to establish prejudice, the defendant must show that "there is

a reasonable probability that the result of the [case] would have been different absent the deficient act or omission." *Hinton*, 134 S. Ct. at 1083.[1]

### i. "Felon" Status

Petitioner first alleges that he received inadequate advice regarding his guilty plea to the felony firearms possession because counsel failed to discover that he was not a "felon" within the definition of the felony firearms statute. To support his claim, Petitioner points to 18 U.S.C. § 921(a)(20), which provides that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter[.]" Petitioner argues that because he was issued a Parole Termination Certificate by the State of New Jersey for his prior crime, (*see* ECF No. 6 at 13), that conviction must be excluded under § 921(a)(20) because the certificate acted as a restoration of civil rights. However, Petitioner's argument is supported neither by facts nor by law.

The Parole Termination Certificate is merely a formal document evincing that Petitioner served out the full term of his sentence. (*See id.* ("Parole supervision by the Division of Parole is hereby terminated by reason of *expiration of maximum sentence*[.]") (emphasis added)). It did not act as a restoration of Petitioner's civil rights, as he argues; indeed, the letter attached to his certificate expressly stated so. (*Id.* at 14 ("Your current incarceration term affects your standing in New Jersey as it relates to full citizenship rights, same as it did when you were under parole supervision here in New Jersey.")). Furthermore, the Third Circuit has defined the restoration of civil rights under § 921(a)(20) as restoration of "the rights to vote, to hold public office, and to sit

---

[1] The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

on a jury." *United States v. Leuschen*, 395 F.3d 155, 159 (3d Cir. 2005). Nowhere does Petitioner assert that his rights to vote, to hold public office, and to sit on a jury had been restored by the State of New Jersey.[2] As it does not appear that the Parole Termination Certificate made Petitioner ineligible to be charged under the felony firearms statute, Defendant has not shown "that counsel's representation fell below an objective standard of reasonableness" or that there was prejudice.[3] As such, the Court denies relief on this ground.

### ii. Failure to Investigate Possible Defenses

Petitioner's October 21, 2013 traverse also states that counsel provided ineffective assistance in light of counsel's claimed "[f]ailure to [i]nvestigate the case before he advised [Petitioner] to enter a plea of [g]uilty," because "Counsel should have determined if [Petitioner] was in fact found to be in possession of controlled substances or in fact, did distribute the alleged controlled substances claimed by the Government." (ECF No. 6 at iv). This argument fails as well.

Petitioner has a right to raise a claim that he received inadequate advice regarding the plea agreement itself, if that inadequate advice calls into question the intelligent and voluntary nature of the guilty plea. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *United States v. Bui*, 795 F.3d 363, 366-67 (3d Cir. 2015). However, when a defendant enters into a counseled, intelligent, and

---

[2] To the extent Petitioner argues that those rights were never taken away by the State of New Jersey as part of his conviction, then § 921(a)(20) would not be applicable here at all. *See Logan v. United States*, 552 U.S. 23, 37 (2007) ("Having no warrant to stray from § 921(a)(20)'s text, we hold that the words 'civil rights restored' do not cover the case of an offender who lost no civil rights.").

[3] Petitioner's statement that "[h]ad the attorney challenged the felon status, it is *possible* that he would have prevailed," ECF No. 6 at 3 (emphasis added), misstates the standard for prejudice. Although lower than a preponderance of the evidence standard a reasonable probability standard still requires "a probability sufficient to undermine confidence in the outcome," *Hinton v. Alabama*, 134 S. Ct. 1081, 1089 (2014), which Petitioner has not established here.

voluntary plea agreement, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see United States v. Whitmer*, 505 F. App'x 167, 173 (3d Cir. 2012). Therefore, by pleading guilty, not only did Petitioner waive his right to raise any affirmative defenses at trial, he also waived any potential ineffective assistance of counsel claims relating to counsel's failure to discover those defenses prior to the guilty plea. *See Miller v. Janecka*, 558 F. App'x 800, 803 (10th Cir. 2014) (holding a claim of inadequate investigation by counsel prior to the plea, which did not challenge the validity of the plea itself, was waived); *Ghani v. Holder*, 557 F.3d 836, 839 (7th Cir. 2009) (holding ineffective assistance of counsel claim alleging counsel's failure to raise an affirmative defense based on the lack of an indictment was waived by guilty plea because it did not challenge the voluntary and intelligent nature of the plea itself); *Lupinacci v. New Jersey*, No. 13-5578, 2015 WL 505880, at *4 (D.N.J. Feb. 6, 2015) (holding that *Tollett* barred ineffective assistance claims that occurred prior to the plea agreement and were not related to the voluntary nature of the plea).

Here, Petitioner does not contend he received inadequate advice regarding the plea agreement itself. Rather, Petitioner asserts that counsel failed to fully investigate the circumstances of Petitioner's crime prior to his entry of a guilty plea. Specifically, Petitioner contends that "[c]ounsel should have determined if [Petitioner] was in fact found to be in possession of controlled substances or in fact, did distribute the alleged controlled substances claimed by the Government."[4] (ECF No. 6 at 4.) However, "a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes

---

[4] The Court notes that Petitioner was not convicted of possessing or distributing drugs under 21 U.S.C. § 841. Rather, he pled guilty to and was convicted of "conspiracy to possess with intent to distribute a controlled substance" under 21 U.S.C. § 846. (Crim. Dkt., ECF No. 21.)

6

the issue of factual guilt from the case." *United States v. Owens*, 427 F. App'x 168, 171 (3d Cir. 2011) (quoting *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975)). Accordingly, the Court denies relief on this ground.[5]

### B. Tenth Amendment Challenge

Finally, Petitioner argues that certain provisions of the Controlled Substances Act, specifically 21 U.S.C. §§ 841 and 846,[6] and 18 U.S.C. § 922(g) (prohibiting the possession of a firearm "in or affecting commerce" by a convicted felon), violate the Tenth Amendment, because they are an "unjustifiable expansion of federal law into the state regulated domain." (ECF No. 27 at 2.) This argument is without merit.

The relevant provisions of the Controlled Substances Act fall within the scope of the powers afforded to Congress by the Commerce Clause. *See Gonzales v. Raich*, 545 U.S. 1 (2005) (holding that enforcement of 21 U.S.C. § 841 was a permissible exercise of Congressional power under the Commerce Clause). "If Congress acts under one of its enumerated powers . . . there can be no violation of the Tenth Amendment." *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 413 (3d Cir. 2012) (citation omitted). Therefore, "the [Controlled Substances Act] does not violate the Tenth Amendment." *Thompson v. Holder*, 480 F. App'x 323, 325 (5th Cir.

---

[5] Petitioner may also suggest that counsel was also ineffective because counsel for Petitioner's co-defendant suggested the "codefendant would enter a plea for the drugs if [Petitioner] was willing to enter a plea to the firearm," and Petitioner was willing to accept such an agreement, but was told by counsel it was "not a good thing to do." (ECF No. 6 at 4.) To the extent this is Petitioner's argument, this also fails. Petitioner has not shown that this advice from counsel was unreasonable under the *Strickland* test, nor has he shown that there was any prejudice, as Petitioner has not shown that such an plea offer was ever actually available.

[6] Section 841 makes it unlawful to "knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance," and § 841 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

2012); *accord Montana Caregivers Ass'n, LLC v. United States*, 526 F. App'x 756, 758 (9th Cir. 2013). Furthermore, under the Dual Sovereignty Doctrine, both the state government and the federal government enjoy independent authority to prosecute any criminal act that violates the "peace and dignity" of each of the sovereigns. *United States v. Lara*, 541 U.S. 193, 197 (2004) ("[W]hen a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the law of each, he has committed two distinct 'offences.'") (quoting *Heath v. Alabama*, 474 U.S. 82, 88 (1985)). In other words, here, both the federal government and the State of New Jersey could have prosecuted Petitioner independently, and the Controlled Substances Act did not intrude upon New Jersey's authority to prosecute.

Similarly, enforcement of 18 U.S.C. § 922(g) does not violate the Tenth Amendment. Section 922(g) specifically only prohibits the possession of a firearm "in or affecting commerce." *United States v. Singletary*, 268 F.3d 196, 204 (3d Cir. 2001) ("Section 922(g)(1), by its very terms, only regulates those weapons affecting interstate commerce by being the subject of interstate trade."). The Third Circuit has expressly held that this provision is "a constitutional exercise of Congress' Commerce Clause powers." *United States v. Tucker*, 511 F. App'x 166, 169 (3d Cir. 2013). Therefore, for the reasons stated above, it does not violate the Tenth Amendment.

### IV.   CONCLUSION

For the reasons set forth above, Petitioner's Motion is DENIED without prejudice.

_____
Claire C. Cecchi, U.S.D.J.

Dated: January 20, 2017

8